IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EMILY C. HAMILTON, NEIGHBORHOOD HOUSING SERVICES, INC., and ROOSEVELT COUNTY, a political subdivision of the State of Montana,<br><br>Defendants. | CV 19-70-GF-BMM<br><br><br>JUDGMENT, DECREE OF FORECLOSURE, AND ORDER OF SALE |

This matter having come before this Court by Plaintiff United States of America, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1345. The real property that is the subject of this foreclosure action is located in the County of Roosevelt, State of Montana, and is described as follows:

> Lot 3, Block 5, Sibbitts Addition to Wolf Point, Roosevelt County, Montana, according to the official map or plat thereof and of record in the Office of Clerk and Recorder of said County.

1

2. The United States loaned Defendant Emily Hamilton the total principal sum of $57,680.00 in the form of a Section 502 Rural Housing loan. Defendant Hamilton executed a promissory note in the original principal amount of $57,680.00. The note is dated November 16, 1999. A true and correct copy of the promissory note is attached to the Complaint as Exhibit A. (Doc. 1-1).

3. As security for the above-described loan, Defendant Hamilton executed a real estate mortgage on November 16, 1999, providing the United States a security interest in the real property described above to secure the amount owed under the terms of the note. The mortgage was filed of record with the Clerk and Recorder of Roosevelt County on November 17, 1999, in Book 598 at Page 226. A true and correct copy of the mortgage is attached to the Complaint as Exhibit B. (Doc. 1-2).

4. Defendant Hamilton is in default under the terms of the promissory note described above due to failure to make timely payments of principal and interest as agreed. The account was accelerated on July 24, 2018. (Doc. 1, ¶ 5).

5. Defendant Hamilton is indebted to the United States for the loan outlined above in the principal amount of $39,032.86, plus interest computed at the daily rate of $7.6688 per day for the accrued total amount of $2,697.25, plus fees in the amount of $2,128.93 ($1,453.84 Escrow/Impound, $60.60 late charges, fees

for negative escrow of taxes and insurance of $268.49, and $346.00 for litigation guarantee), for a combined total of $43,859.04 as of February 5, 2019.   In addition, if the value of the real property exceeds the principal and accrued interest ($43,859.04), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated November 16, 1999, attached to the Complaint as Exhibit C.   (Doc. 1-3).   The interest subject to recapture will be $22,146.44, making a total of $66,005.48 due and owing. Interest continues to accrue from February 5, 2019 at the rate of $7.6688 per day until the date of entry of judgment.   Attached to the Complaint as Exhibit D (doc. 1-4) is the Affidavit of Proof of Statement of Account of Kimberly Maines of Rural Housing Service, which verifies the amounts due.   Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.   (Doc. 1, ¶ 6).

6.     Defendant Hamilton was personally served with the Summons and Complaint on January 20, 2020.   (Doc. 12).   Defendant Hamilton did not make an appearance.   Her Default was entered on August 9, 2021.   (Doc. 26).

7.     Austin Knudsen, former Roosevelt County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on November 4, 2019. (Doc. 5).   On October 30, 2019, Defendant Roosevelt County signed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and

order of sale.  It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale.  The stipulation was filed with the Court on November 4, 2019.  (Doc. 6).

8. Jeff Neiffer, registered agent of Defendant Neighborhood Housing Services, Inc. executed a Waiver of Service of Summons; it was filed with the Court on November 6, 2019.  (Doc. 7).  Neighborhood Housing Services, Inc. did not make an appearance. Its Default was entered on August 9, 2021.  (Doc. 26).

## CONCLUSIONS OF LAW

9. Roosevelt County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

10. The United States is entitled to judgment against Defendant Hamilton in the principal amount of $39,032.86, plus interest computed at the daily rate of $7.6688 per day for the accrued total amount of $2,697.25 as of February 5, 2019, plus fees in the amount of $2,128.93 ($1,453.84 Escrow/Impound, $60.60 late charges, fees for negative escrow of taxes and insurance of $268.49, and $346.00 for litigation guarantee), for a combined total of $43,859.04 as of February 5, 2019.   In addition, if the value of the real property exceeds the principal and accrued interest ($43,859.04), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated November

16, 1999.   The interest subject to recapture will be $22,146.44, making a total of $66,005.48 due and owing.   Interest continues to accrue from February 5, 2019, at the rate of $7.6688 per day until the date of entry of judgment.   Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

      11.    The United States is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

      1.    The United States shall have judgment against Defendant Emily C. Hamilton in the principal amount of $39,032.86, plus interest computed at the daily rate of $7.6688 per day for the accrued total amount of $2,697.25 as of February 5, 2019, plus fees in the amount of $2,128.93 ($1,453.84 Escrow/Impound, $60.60 late charges, fees for negative escrow of taxes and insurance of $268.49, and $346.00 for litigation guarantee), for a combined total of $43,859.04 as of February 5, 2019.   In addition, if the value of the real property exceeds the principal and accrued interest ($43,859.04), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated November 16, 1999.   The interest subject to recapture will be $22,146.44, making a total of $66,005.48 due and owing.   Interest continues to accrue from

February 5, 2019, at the rate of $7.6688 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Each and every material allegation contained in Plaintiff's Complaint is true and correct.

3. The real property described in the mortgage, located in Roosevelt County, Montana, together with all improvements, tenements, rights, privileges, and appurtenances, shall be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court. The real property is located in Roosevelt County, Montana, and described as follows:

> Lot 3, Block 5, Sibbitts Addition to Wolf Point, Roosevelt County, Montana, according to the official map or plat thereof and of record in the Office of Clerk and Recorder of said County.

4. The real property shall be sold with the right of redemption as provided in Mont. Code Ann. §§ 25-13-801 through 25-13-825.

5. The real property is to be sold in one unit.

6. If Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash but may be in the form of suitable documentary evidence as debit against the judgment.

7. The U.S. Marshal shall provide a Certificate of Sale to the purchaser at the time of sale of the real property. The purchaser shall be entitled to a deed to

the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

    8.    In the event Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to Plaintiff.

    9.    If monies from the sale are insufficient to pay the amounts due to Plaintiff, the expenses of sale, and the costs, Plaintiff shall have a deficiency judgment against Defendant Hamilton.

    10.    The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

    A.    To Roosevelt County, Montana, to satisfy the principal amount of any assessed taxes, to date of sale.

    B.    To Plaintiff United States of America to satisfy the judgment set forth in paragraph 1 above.

    C.    Any overplus remaining after the payments to Roosevelt County and Plaintiff shall be paid by the United States Marshal for the District of

Montana to the Clerk of this Court for further order of the Court for distribution.

11. Defendants, and any heirs or devisees of Defendants, known or unknown, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the mortgage or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

12. All or any of the parties to this action shall be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, shall be due and payable to the Plaintiff.

13. For such further relief as this Court may deem just and appropriate. DATED this 1st day of September, 2021.

_____
Brian Morris, Chief District Judge
United States District Court